O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY G. ERVIN, JR., | ) | Case No. CV 11-03243 DDP (FFMx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| CITY OF LOS ANGELES, CALIFORNIA, a government entity; CITY OF LOS ANGELES POLICE DEPARTMENT, a government entity, | ) | [Motion filed on 8/13/2012] |
| Defendants. | ) | |

Presently before the court is Defendants' unopposed Motion for Summary Judgment.  Having considered the submissions of the Defendants, the court grants the motion and adopts the following order.

**I. Background**

On July 22, 2009 Plaintiff Billy G. Ervin, Jr. ("Ervin" or "Plaintiff") was at Jesse Owens Park with his family and friends. (Compl. ¶¶ 10-11.)  At approximately 7:00 p.m. the group was approached by several City of Los Angeles Police Department ("LAPD") officers.  (Compl. ¶¶ 10, 12.)  Plaintiff alleges that the

officers physically grabbed and restrained him without provocation and/or justification . (Compl. ¶ 12.)  After Ervin questioned why he was being restrained, he was handcuffed and beaten by several of the officers.  (Compl. ¶ 13.)  As a result of this incident Ervin sustained multiple injuries and Plaintiff continues to suffer from emotional trauma, which he treats with psychological therapy. (Compl. ¶¶ 14-15.)

Plaintiff filed this civil rights suit against Defendants City of Los Angeles and City of Los Angeles Police Department ("Defendants")[1].  Plaintiff alleges seven causes of action against Defendants: 1) violation of California Civil Code §§ 52 and 52.1; 2) assault and battery/excessive force; 3) false arrest/false imprisonment; 4) negligence; 5) conspiracy; 6) negligent infliction of emotional distress; and 7) intentional infliction of emotional distress.

Defendants now move for summary judgment or partial summary judgment based Plaintiff's failure to produce any evidence or to state facts sufficient to support the claims.

**II. Legal Standard**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. Section 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  When the nonmoving party fails to respond to the motion, the moving party still must meet their burden to show there is no genuine issue as to any material fact.

---

[1] The Complaint does not name any individual defendants.

Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir. 2003); Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). The court therefore reviews an unopposed summary judgment motion to determine whether "the movant's papers are themselves insufficient to support a motion for summary judgment or on their face reveal a genuine issue of material fact." Id. at 949 (quoting Hamilton v. Keystone Tankship Corp., 539 F. 2d 684, 686 n. 1 (9th Cir. 1976)). A moving party's burden may be satisfied by stating the nonmoving party has failed to produce evidence of a genuine issue of material fact. Fonseca v. City of Fresno, 2012 WL 44041, at *11 (E.D. Cal. Jan. 9, 2012) (granting defendant summary judgment on the matter regarding policy to disregard a mental illness because Plaintiff failed to produce any evidence of a policy, practice or custom).

**III. Discussion**

Defendants argue that Plaintiff cannot prove any of his claims because he has not produced any evidence to support those claims. (Motion at 3). Defendants support their motion by pointing to Plaintiff's failure to respond to Requests for Production, Interrogatories and Requests for Admissions, and Plaintiff's failure to appear for the deposition. (Shahandeh Decl. ¶¶ 3-5.)

Plaintiff's first cause of action is for Violation of California Civil Code §§ 52 and 52.1[2]. Plaintiff must prove a violation of his constitutional right through threats, intimidation or coercion or attempts to interfere by threats, intimidation or

---

[2] All of Plaintiff's causes of action are state law claims. Plaintiff originally filed his complaint in the Superior Court of California. Defendants removed to this court because the only named Defendants are municipal entities, which may only be liable under 42 U.S.C. § 1983.

3

1 coercion. Cal. Civ. Code § 52.1. Plaintiff has not responded to
2 interrogatories seeking descriptions of, nor has he provided any
3 other evidence of, such force. To the extent that an alleged
4 violation of a right is inherently coercive, that coercion is
5 insufficient to meet the statutory requirements of Section 52.1,
6 which requires a showing of an independent threat or coercive act.
7 <u>Shoyoye v. County of Los Angeles</u>, 203 Cal.App.4th 947, 959.
8 Section 52 penalizes certain discriminatory actions. Plaintiff has
9 not, however, demonstrated that he is a member of a protected
10 class, let alone that any of his rights were violated because of
11 his actual or perceived membership in any such class.
12   Plaintiff also brings causes of action are for Assault and
13 Battery/Excessive Force, False Arrest/False Imprisonment,
14 Negligence, and Conspiracy. Plaintiff failed to respond to
15 Defendants' Requests for Admission, and has presented no evidence
16 of any of these violations. (Shahandeh Decl. ¶ 4.) By failing to
17 respond, Plaintiff has admitted that he had no evidence that any
18 policies, practices and customs of the Defendants resulted in a
19 violation of Plaintiffs' rights, or that Defendants authorized,
20 condoned or ratified any unlawful conduct.
21   Plaintiff's sixth and seventh causes of action are Negligent
22 Infliction of Emotional Distress and Intentional Infliction of
23 Emotional Distress. As with his other claims, Plaintiff has
24 produced no evidence to support any of the elements for either
25 claim. (Id.) Because there are no genuine issues of material
26 fact, summary judgment in favor of Defendants is warranted.
27 ///
28 ///

**IV. Conclusion**

For the reasons stated above, Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: October 5, 2012

DEAN D. PREGERSON
United States District Judge

5