1

2

3                                                              **O**

4

5                                                    <mark>NO JS-6</mark>

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 | BILLY G. ERVIN, JR.,           )  Case No. CV 11-03243 DDP (FFMx)
                                    )
12 |            Plaintiff,          )
                                    )  **ORDER GRANTING DEFENDANTS' MOTION**
13 |       v.                       )  **FOR SUMMARY JUDGMENT**
                                    )
14 | CITY OF LOS ANGELES,           )
   | CALIFORNIA, a government       )
15 | entity; CITY OF LOS ANGELES    )
   | POLICE DEPARTMENT, a           )  [Motion filed on 8/13/2012]
16 | government entity,             )
                                    )
17 |            Defendants.         )
   | _____ )

18

19       Presently before the court is Defendants' unopposed Motion for

20  Summary Judgment.  Having considered the submissions of the

21  Defendants, the court grants the motion and adopts the following

22  order.

23  **I. Background**

24       On July 22, 2009 Plaintiff Billy G. Ervin, Jr. ("Ervin" or

25  "Plaintiff") was at Jesse Owens Park with his family and friends.

26  (Compl. ¶¶ 10-11.)  At approximately 7:00 p.m. the group was

27  approached by several City of Los Angeles Police Department

28  ("LAPD") officers.  (Compl. ¶¶ 10, 12.)  Plaintiff alleges that the

1   officers physically grabbed and restrained him without provocation
2   and/or justification . (Compl. ¶ 12.)  After Ervin questioned why
3   he was being restrained, he was handcuffed and beaten by several of
4   the officers.  (Compl. ¶ 13.)  As a result of this incident Ervin
5   sustained multiple injuries and Plaintiff continues to suffer from
6   emotional trauma, which he treats with psychological therapy.
7   (Compl. ¶¶ 14-15.)

8       Plaintiff filed this civil rights suit against Defendants City
9   of Los Angeles and City of Los Angeles Police Department
10  ("Defendants")[1].  Plaintiff alleges seven causes of action against
11  Defendants: 1) violation of California Civil Code §§ 52 and 52.1;
12  2) assault and battery/excessive force; 3) false arrest/false
13  imprisonment; 4) negligence; 5) conspiracy; 6) negligent infliction
14  of emotional distress; and 7) intentional infliction of emotional
15  distress.

16      Defendants now move for summary judgment or partial summary
17  judgment based Plaintiff's failure to produce any evidence or to
18  state facts sufficient to support the claims.

19  **II. Legal Standard**

20      The court shall grant summary judgment if the movant shows
21  that there is no genuine dispute as to any material fact and the
22  movant is entitled to judgment as a matter of law.  Fed. R. Civ. P.
23  Section 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248,
24  106 S. Ct. 2505, 2510 (1986).  When the nonmoving party fails to
25  respond to the motion, the moving party still must meet their
26  burden to show there is no genuine issue as to any material fact.

27

28      [1] The Complaint does not name any individual defendants.

<u>Martinez v. Stanford</u>, 323 F.3d 1178, 1182 (9th Cir. 2003); <u>Henry v.</u>
<u>Gill Industries, Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993).  The
court therefore reviews an unopposed summary judgment motion to
determine whether "the movant's papers are themselves insufficient
to support a motion for summary judgment or on their face reveal a
genuine issue of material fact."  <u>Id.</u> at 949 (quoting <u>Hamilton v.</u>
<u>Keystone Tankship Corp.</u>, 539 F. 2d 684, 686 n. 1 (9th Cir. 1976)).
A moving party's burden may be satisfied by stating the nonmoving
party has failed to produce evidence of a genuine issue of material
fact.  <u>Fonseca v. City of Fresno</u>, 2012 WL 44041, at *11 (E.D. Cal.
Jan. 9, 2012) (granting defendant summary judgment on the matter
regarding policy to disregard a mental illness because Plaintiff
failed to produce any evidence of a policy, practice or custom).

**III. Discussion**

Defendants argue that Plaintiff cannot prove any of his claims
because he has not produced any evidence to support those claims.
(Motion at 3).  Defendants support their motion by pointing to
Plaintiff's failure to respond to Requests for Production,
Interrogatories and Requests for Admissions, and Plaintiff's
failure to appear for the deposition.  (Shahandeh Decl. ¶¶ 3-5.)

Plaintiff's first cause of action is for Violation of
California Civil Code §§ 52 and 52.1[2].  Plaintiff must prove a
violation of his constitutional right through threats, intimidation
or coercion or attempts to interfere by threats, intimidation or

[2]All of Plaintiff's causes of action are state law claims.
Plaintiff originally filed his complaint in the Superior Court of
California.  Defendants removed to this court because the only
named Defendants are municipal entities, which may only be liable
under 42 U.S.C. § 1983.

1   coercion.  Cal. Civ. Code § 52.1.  Plaintiff has not responded to

2   interrogatories seeking descriptions of, nor has he provided any

3   other evidence of, such force.  To the extent that an alleged

4   violation of a right is inherently coercive, that coercion is

5   insufficient to meet the statutory requirements of Section 52.1,

6   which requires a showing of an independent threat or coercive act.

7   <u>Shoyoye v. County of Los Angeles</u>, 203 Cal.App.4th 947, 959.

8   Section 52 penalizes certain discriminatory actions.  Plaintiff has

9   not, however, demonstrated that he is a member of a protected

10  class, let alone that any of his rights were violated because of

11  his actual or perceived membership in any such class.

12       Plaintiff also brings causes of action are for Assault and

13  Battery/Excessive Force, False Arrest/False Imprisonment,

14  Negligence, and Conspiracy.  Plaintiff failed to respond to

15  Defendants' Requests for Admission, and has presented no evidence

16  of any of these violations.  (Shahandeh Decl. ¶ 4.)  By failing to

17  respond, Plaintiff has admitted that he had no evidence that any

18  policies, practices and customs of the Defendants resulted in a

19  violation of Plaintiffs' rights, or that Defendants authorized,

20  condoned or ratified any unlawful conduct.

21       Plaintiff's sixth and seventh causes of action are Negligent

22  Infliction of Emotional Distress and Intentional Infliction of

23  Emotional Distress.  As with his other claims, Plaintiff has

24  produced no evidence to support any of the elements for either

25  claim.  (Id.)  Because there are no genuine issues of material

26  fact, summary judgment in favor of Defendants is warranted.

27  ///

28  ///

**IV. Conclusion**

       For the reasons stated above, Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.


Dated: October 5, 2012

                                        DEAN D. PREGERSON
                                        United States District Judge

5